U.S. DISTRICT COURT - N.D. OF N.Y.
FILED

FEB 1 8 2021

AT_____ O'CLOCK
John M. Domurad, Clerk - Syracuse

COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | Criminal No.    5:21-CR-**57** (FJS) |
| ) | |
| v.                                    ) | **Indictment** |
| ) | |
| **ALEJANDRO DE JESUS TAVAREZ,** ) | Violations:    21 U.S.C. § 846 |
| **ALEXANDER TAVAREZ ESPINAL,** ) | [Conspiracy to Distribute and |
| **JAN LEONEL VAZQUEZ FAMILIA,** ) | Possess with Intent to |
| **JAHDIER DOWDELL,** ) | Distribute Controlled |
| **MAURICE GRAVES,** ) | Substances] |
| **KAMIYA JOE, aka, "K-JOE,"** ) | |
| ) | 21 U.S.C. § 841(a)(1) |
| **DIANISHA TRAPPS,** ) | [Possession with Intent to |
| **aka "DUTCHESS,"** ) | Distribute Controlled |
| **TACARRA NEWTON, aka "T-NEWT,"** ) | Substances] |
| **"TUCOTT," "FLAME,"** ) | |
| **TYWONE HASKINS, aka "Ty"** ) | 21 U.S.C. § 841(a)(1) |
| **JOSHUA STANLEY, aka "40," and** ) | [Distribution of Controlled |
| **SHATEEK BROWN, aka "TEEK,"** ) | Substances] |
| **"STU,"** ) | |
| ) | 18 U.S.C. § 924(c)(1)(A)(i) |
| ) | [Possession of Firearm in |
| ) | Furtherance of a Drug |
| **Defendants.** ) | Trafficking Crime] |
| ) | |
| ) | |
| ) | 30 Counts and Forfeiture Allegations |
| ) | |
| ) | County of Offense:    Onondaga |

## THE GRAND JURY CHARGES:

### COUNT 1
**[Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances]**

From on or about February 1, 2020, through on or about November 18, 2020, in Onondaga

County in the Northern District of New York, and elsewhere, the defendants,

**ALEJANDRO DE JESUS TAVAREZ, aka "PAPI,"**
**ALEXANDER TAVAREZ ESPINAL,**
**JAN LEONEL VAZQUEZ FAMILIA,**
**JAHDIER DOWDELL,**
**MAURICE GRAVES,**

**KAMIYA JOE, aka, "K-JOE,"**
████████

**DIANISHA TRAPPS, aka "DUTCHESS,"**
**TACARRA NEWTON, aka "T-NEWT," "TUCOTT," "FLAME,"**
**TYWONE HASKINS, aka "TY,"**
**JOSHUA STANLEY, aka "40," and**
**SHATEEK BROWN, aka "TEEK," "STU,"**

conspired with each other and others to knowingly and intentionally distribute and possess with intent to distribute one or more controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

As to defendants **ALEJANDRO DE JESUS TAVAREZ, ALEXANDER TAVAREZ ESPINAL, and JAN LEONEL VAZQUEZ FAMILIA,** that violation involved 400 grams or more of a mixture and substance containing a detectable amount of n-phenyl-n-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, and one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A).

As to defendant **JAHDIER DOWDELL,** that violation involved 400 grams or more of a mixture and substance containing a detectable amount of n-phenyl-n-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A), and 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

As to defendants **MAURICE GRAVES, KAMIYA JOE, and** ████████, that violation involved 40 grams or more of a mixture and substance containing a detectable amount of n-phenyl-n-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, and 100 grams or more of a mixture and substance containing a detectable amount of

heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

As to defendant **DIANISHA TRAPPS, TACARRA NEWTON, and TYWONE HASKINS,** that violation involved 40 grams or more of a mixture and substance containing a detectable amount of n-phenyl-n-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B), and heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

As to defendant **JOSHUA STANLEY** and **SHATEEK BROWN,** that violation involved n-phenyl-n-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, and heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

**COUNT 2**
**[Possession with Intent to Distribute Controlled Substances]**

On or about November 3, 2020, in Onondaga County in the Northern District of New York, and elsewhere, the defendants,

**ALEJANDRO DE JESUS TAVAREZ, and**
**JAN LEONEL VAZQUEZ FAMILIA,**

knowingly and intentionally possessed with intent to distribute one or more controlled substances, in violation of Title 21, United States Code, Section 841(a)(1). As to defendants **ALEJANDRO DE JESUS TAVAREZ and JAN LEONEL VAZQUEZ FAMILIA,** that violation involved 400 grams or more of a mixture and substance containing a detectable amount of n-phenyl-n-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A), and 100 grams or more of a

3

mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

## COUNT 3
### [Possession with Intent to Distribute Controlled Substances]

On or about November 3, 2020, in Onondaga County in the Northern District of New York, and elsewhere, the defendant,

### ALEXANDER TAVAREZ ESPINAL,

knowingly and intentionally possessed with intent to distribute one or more controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).  That violation involved 40 grams or more of a mixture and substance containing a detectable amount of n-phenyl-n-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B), and heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## COUNT 4
### [Possession with Intent to Distribute Controlled Substances]

On or about November 18, 2020, in Onondaga County in the Northern District of New York, and elsewhere, the defendant,

### JAHDIER DOWDELL,

knowingly and intentionally possessed with intent to distribute one or more controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).  That violation involved n-phenyl-n-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, and heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

4

## COUNT 5
### [Possession with Intent to Distribute Controlled Substances]

On or about November 18, 2020, in Onondaga County in the Northern District of New York, and elsewhere, the defendant,

### MAURICE GRAVES,

knowingly and intentionally possessed with intent to distribute one or more controlled substances, in violation of Title 21, United States Code, Section 841(a)(1). That violation involved 28 grams or more of a mixture and substance which contains cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B), and n-phenyl-n-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, and heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## COUNT 6
### [Possession of a Firearm in Furtherance of a Drug Trafficking Crime]

On or about November 18, 2020, in Onondaga County in the Northern District of New York, the defendant,

### JAHDIER DOWDELL,

in furtherance of one or more drug trafficking crimes for which he may be prosecuted in a court in the United States, that is: conspiracy to distribute and possess with the intent to distribute one or more controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and possession with intent to distribute one or more controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), knowingly possessed a firearm, specifically a Glock Model 26, 9mm semi-automatic handgun with serial number WRV117, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 7
### [Possession of a Firearm in Furtherance of a Drug Trafficking Crime]

On or about October 27, 2020, in Onondaga County in the Northern District of New York,

the defendant,

### MAURICE GRAVES,

in furtherance of one or more drug trafficking crimes for which he may be prosecuted in a court in

the United States, that is: conspiracy to distribute and possess with the intent to distribute one or

more controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and

846, and possession with intent to distribute one or more controlled substances, in violation of

Title 21, United States Code, Section 841(a)(1), knowingly possessed a firearm, specifically a

Glock Model 23, .40 caliber semi-automatic handgun with serial number BAKA708, in violation

of Title 18, United States Code, Section 924(c)(1)(A)(i).

### COUNTS 8 through 16
### [Distribution and Possession with the Intent to Distribute a Controlled Substance]

On or about each of the dates listed below, in Onondaga County in the Northern District of

New York, the defendant,

### SHATEEK BROWN,

knowingly and intentionally distributed and possessed with intent to distribute n-phenyl-n-[1-(2-

phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, and

heroin, a Schedule I controlled substance:

| Count | Date |
|---|---|
| Eight | March 5, 2020 |
| Nine | March 9, 2020 |
| Ten | April 27, 2020 |
| Eleven | May 6, 2020 |
| Twelve | May 7, 2020 |
| Thirteen | May 14, 2020 |
| Fourteen | May 21, 2020 |

| Count | Date |
|---|---|
| Fifteen | June 22, 2020 |
| Sixteen | June 23, 2020 |

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNTS 17 through 26
**[Distribution and Possession with the Intent to Distribute a Controlled Substance]**

On or about each of the dates listed below, in Onondaga County in the Northern District of

New York, the defendant,

## MAURICE GRAVES,

knowingly and intentionally distributed and possessed with intent to distribute n-phenyl-n-[1-(2-

phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, and

heroin, a Schedule I controlled substance:

| Count | Date |
|---|---|
| Seventeen | February 18, 2020 |
| Eighteen | February 25, 2020 |
| Nineteen | March 3, 2020 |
| Twenty | March 25, 2020 |
| Twenty-One | April 1, 2020 |
| Twenty-Two | April 8, 2020 |
| Twenty-Three | April 30, 2020 |
| Twenty-Four | May 12, 2020 |
| Twenty-Five | June 29, 2020 |
| Twenty-Six | October 27, 2020 |

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNTS 27 through 30
### [Distribution and Possession with the Intent to Distribute a Controlled Substance]

On or about each of the dates listed below, in Onondaga County in the Northern District of

New York, the defendant,

### TYWONE HASKINS,

knowingly and intentionally distributed and possessed with intent to distribute n-phenyl-n-[1-(2-

phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, and

heroin, a Schedule I controlled substance:

| Count | Date |
|---|---|
| Twenty-Seven | July 30, 2020 |
| Twenty-Eight | August 4, 2020 |
| Twenty-Nine | October 1, 2020 |
| Thirty | October 7, 2020 |

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

### FIRST FORFEITURE ALLEGATION

1.      The allegation contained in Count One of this indictment is hereby realleged and

incorporated by reference herein for the purpose of alleging forfeiture pursuant to Title 21, United

States Code, Section 853.

2.      Upon conviction of an offense in violation of Title 21, United States Code, Sections

841 and 846, as set forth in Count One, the defendants, **ALEJANDRO DE JESUS TAVAREZ,**

**aka "PAPI"; ALEXANDER TAVAREZ ESPINAL; JAN LEONEL VAZQUEZ FAMILIA;**

**JAHDIER DOWDELL; MAURICE GRAVES; KAMIYA JOE, aka, "K-JOE";**

**DIANISHA TRAPPS, aka "DUTCHESS"; TACARRA**

**NEWTON, aka "T-NEWT" "TUCOTT" "FLAME"; TYWONE HASKINS; JOSHUA**

**STANLEY, aka "40"; and SHATEEK BROWN, aka "TEEK" "STU"**, shall forfeit to the

United States of America, any property constituting, and derived from, any proceeds obtained, directly and indirectly, as the result of such offense and any property used, and intended to be used, in any manner or part, to commit, and to facilitate the commission of the offense. The property to be forfeited includes, but is not limited to, the following:

    a.  A money judgment in the amount of not less than $309,110.00, representing the unrecovered proceeds personally obtained by defendant **ALEJANDRO DE JESUS TAVAREZ, aka "PAPI".**

    b.  A money judgment in the amount of not less than $309,110.00, representing the unrecovered proceeds personally obtained by defendant **ALEXANDER TAVAREZ ESPINAL.**

    c.  A money judgment in the amount of not less than $309,110.00, representing the unrecovered proceeds personally obtained by defendant **JAN LEONEL VAZQUEZ FAMILIA.**

    d.  A money judgment in the amount of not less than $137,800, representing the unrecovered proceeds personally obtained by defendant **JAHDIER DOWDELL.**

    e.  A money judgment in the amount of not less than $47,840, representing the unrecovered proceeds personally obtained by defendant **MAURICE GRAVES.**

    f.  A money judgment in the amount of not less than $43,810, representing the unrecovered proceeds personally obtained by defendant **KAMIYA JOE, aka, "K-JOE".**

    g.  A money judgment in the amount of not less than $25,350, representing the unrecovered proceeds personally obtained by defendant ████████████

████████

h. A money judgment in the amount of not less than $13,000 representing the unrecovered proceeds personally obtained by defendant **DIANISHA TRAPPS, aka "DUTCHESS".**

i. A money judgment in the amount of not less than $11,180, representing the unrecovered proceeds personally obtained by defendant **TACARRA NEWTON, aka "T-NEWT" "TUCOTT" "FLAME".**

j. A money judgment in the amount of not less than $12,610 representing the unrecovered proceeds personally obtained by defendant **TYWONE HASKINS.**

k. A money judgment in the amount of not less than $4,550, representing the unrecovered proceeds personally obtained by defendant **JOSHUA STANLEY, aka "40".**

l. A money judgment in the amount of not less than $1,000, representing the unrecovered proceeds personally obtained by defendant **SHATEEK BROWN, aka "TEEK" "STU".**

m. $47,217.00 in United States currency seized on November 3, 2020.

n. $29,064.96 in United States currency seized on November 3, 2020.

### SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of

substitute property pursuant to Title 21, United States Code, Section 853(p) and Title 28 United States Code, Section 2461(c).

### SECOND FORFEITURE ALLEGATION

3.      The allegation contained in Count Six of this indictment is hereby realleged and incorporated by reference herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c).

4.      Upon conviction of an offense in violation of Title 18, United States Code, Section 924(c)(1)(A)(i), as set forth in Count Six of this indictment, the defendant, **JAHDIER DOWDELL**, shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in and used in any knowing violation of Title 18, United States Code, Section 924(c)(1)(A)(i). The property to be forfeited includes, but is not limited to:

   a.      Glock Model 26, 9mm semi-automatic handgun with serial number WRV117.

### THIRD FORFEITURE ALLEGATION

5.  The allegation contained in Count Seven of this indictment is hereby realleged and incorporated by reference herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c).

6.      Upon conviction of an offense in violation of Title 18, United States Code, Section 924(c)(1)(A(i)), as set forth in Count Seven of this indictment, the defendant, **MAURICE GRAVES**, shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in and used in any knowing violation of Title 18, United States Code, Section 924(c)(1)(A)(i). The property to be forfeited includes, but is not limited to:

11

a.   Glock Model 23, .40 caliber semi-automatic handgun with serial number

BAKA708.

Dated:   February 18, 2021

A TRUE BILL   **NAME REDACTED

Grand Jury Foreperson

ANTOINETTE T. BACON
Acting United States Attorney

By:

Nicolas Commandeur
Assistant United States Attorney
Bar Roll No. 518984

12